(December 6, 2001)

■ JACQUELINE RIVKIN et al., Respondents, v HERAEUS KULZER GMBH et al., Appellants. [734 NYS2d 31] —Order, Supreme Court, New York County (Helen Freedman, J.), entered May 1, 2001, which, insofar as appealed from, denied that branch of defendants' motion to dismiss plaintiffs' cause of action sounding in strict products liability and granted plaintiffs' motion for class action certification, unanimously reversed, on the law, without costs, plaintiffs' motion denied and defendants' motion granted in its entirety. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Defendants designed and sold to dental laboratories a system of dental restoration, which employs the use of a polymer substance instead of porcelain or ceramics. Three individual plaintiffs brought this action on behalf of themselves and others similarly situated for damages to recover the cost of replacing defendants' dental restoration system, which they claimed was defective. Plaintiffs claimed, *inter alia*, a strict products liability cause of action against defendants. The claim of Tamar Sicklick was dismissed on the ground that her dental restoration had not failed. The two remaining individual plaintiffs, Jacqueline Rivkin and Dorothy Ritholtz, claimed they had metal crowns overlaid with the defendants' restoration system, which failed within months of installation, but they were not charged by their respective dentists for replacement restoration. Rivkin and Ritholtz sought class action certification. Defendants opposed class action certification and moved to dismiss the complaint. The Supreme Court, with respect to the named plaintiffs, dismissed the complaint except for the products liability claim and granted class action certification.

Where plaintiffs' only claim against a manufacturer is for economic loss, and the product is not "unduly dangerous," New York law does not allow a strict product liability cause of action where the manufacturer made no express or implied warranties of effective performance and had no privity of contract with plaintiffs (*see, Schiavone Constr. Co. v Elgood Mayo Corp.,*

81 AD2d 221, 228-229 [Silverman, J., dissenting], *revd on dissenting opn below* 56 NY2d 667; *see also,* Restatement [Third] of Torts: Products Liability §§ 1, 21). Since plaintiffs' counsel, in the Supreme Court, conceded that plaintiffs were not seeking damages for personal injuries, the court should have granted that branch of defendants' motion to dismiss the strict products liability cause of action. Furthermore, to allow the two individual plaintiffs who moved for class action certification to maintain a class action in spite of their total lack of damages violates the requirement that class actions be brought in the name of a particular plaintiff who has a cause of action and is representative of the interests of the class (*see,* CPLR 901).

In light of our determination, we need not reach defendants' remaining contentions. Concur—Sullivan, P. J., Andrias, Wallach, Saxe and Marlow, JJ.